```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| GRACIELA TORRES-VAZQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ENRIQUE QUESTELL, et al.,<br><br>    Defendants. | Civil No. 13-1601 (PG) |

## **OPINION AND ORDER**

Graciela Torres-Vazquez is suing Mayor Enrique Questell and the Municipality of Santa Isabel for age and political discrimination. The municipality moves to dismiss her complaint.

### I. BACKGROUND

Torres-Vazquez has worked for the municipality in a variety of roles for over 30 years. Torres-Vazquez claims that, after the election of Mayor Questell in 2005, her role at the municipality started to change, including being transferred from one position to another several—at least six—times. Torres-Vazquez argues that the new administration was seeking to "clean house" of both older employees and members of the new mayor's rival political party. The successive transfers—including being moved to an office that required her to walk a great distance, aggravating her existing leg problems—ultimately led Torres-Vazquez to tender her resignation on April 1, 2013. On August 6, 2013, Torres-Vazquez filed suit against Mayor Questell, the municipality, and several unnamed parties, alleging constructive discharge and violations of the Age Discrimination in Employment Act (ADEA), Title VII and political discrimination under 42

U.S.C. § 1983.  (Docket No. 1.)  The municipality moved to dismiss. (Docket No. 6.)  We grant the motion in part and deny in part.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must contain "' a short and plain statement of the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also FED.R.CIV.P. 8(a)(2).  While a complaint need not contain detailed factual allegations, Rodriguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico, 743 F.3d 278, 283 (1st Cir.2014), a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (internal quotation marks omitted).  In assessing a claim's plausibility, we must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Twombly, 550 U.S. at 570); accord Maloy v. Ballori-Lage, 744 F.3d 250, 252 (1st Cir.2014).  When reviewing a motion to dismiss, we "must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  Finally,

determining the plausibility of a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III. DISCUSSION

The municipality argues that the majority of Torres-Vazquez's claims under the ADEA are barred because of a failure to comply with administrative exhaustion requirements. (Docket No. 6 at 6.) We agree.

A person seeking to file a civil action under the ADEA must first file an administrative charge alleging unlawful discrimination with the Equal Employment Opportunity Commission (EEOC). See 29 U.S.C. § 626(d). In a deferral jurisdiction, such as Puerto Rico, the EEOC charge must be filed within 300 days of the discriminatory event. See 29 U.S.C. § 626(d)(2); 29 U.S.C. § 633(b); Sánchez-Arroyo v. Puerto Rico Dep't of Education, 842 F. Supp.2d 416, 431 (D.P.R. 2012). Personnel actions such as transfers are considered discrete acts of discrimination. Lugo v. Avon Products, Inc., 777 F.Supp.2d 275, 287 (D.P.R. 2011). Each discrete act generates its own independent 300-day period. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 114-16 (2002).

Here, Torres-Vazquez's complaint cites several inter-departmental transfers as the basis for her ADEA claim. However, the charge she filed with the EEOC only lists one transfer, occurring in August of 2012. Therefore, all of the other transfers cited by Torres-Vazquez in her complaint fail to comply with administrative exhaustion

requirements.  Because the applicable time period for filing claims before the EEOC has elapsed, these earlier transfers are now time-barred.  It is worth noting, however, that Torres-Vazquez may use the time-barred acts as background evidence in support of any timely claim.  Vesprini v. Shaw Contract Flooring Services, Inc., 315 F.3d 37, 42 n. 4 (1st Cir.2002) (citation omitted); see also United Air Lines Inc. v. Evans, 431 U.S. 553, 558 (1977) (explaining that prior acts outside the statutory period "may constitute relevant background evidence" of employment discrimination).

   The municipality further argues that the remaining August 2, 2012 transfer encounters its own share of difficulties, as Torres-Vazquez has not argued several elements necessary for establishing a *prima facie* case for her ADEA claim.  We cannot agree.

   At this stage, Torres-Vazquez is not obligated to plead factual matter sufficient to establish a *prima facie* case.  Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013)(*prima facie* standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint.).  Therefore, the transfer Torres-Vazquez names in her EEOC charge remains.

   The municipality argues Torres-Vazquez failed to file a formal complaint raising her constructive discharge claim before the EEOC.  We agree.

   A plaintiff must exhaust her administrative remedies, including EEOC procedures, before proceeding in federal court.  Frederique-Alexandre v. Department of Natural and Environmental Resources Puerto

Rico, 478 F.3d 433, 440 (1st Cir. 2007). Here, Torres-Vazquez offers no evidence that she filed a charge with the EEOC regarding her constructive discharge claim. Thus, Torres-Vazquez failed to properly exhaust her claim of constructive discharge.

The municipality claims that Torres-Vazquez's political discrimination claims brought under 42 U.S.C. § 1983 are time-barred. We agree.

In cases brought pursuant to § 1983, including claims of political discrimination, we apply the forum jurisdiction's statute of limitations period for personal injury actions, which in the Commonwealth of Puerto Rico is one year. 31 P.R. Laws Ann. §5298 (2); see also Morales Tañon v. Puerto Rico Elec. Power Auth., 524 F.3d 15, 18 (2008). We then apply federal law to determine when the limitations period begins to accrue. Ruiz-Sulsona v. University of Puerto Rico, 334 F.3d 157, 160 (1st Cir. 2003). In most instances, the date of accrual occurs when the plaintiff knows, or has reason to know, of the injury on which the action is based. Id.

Here, Torres-Vazquez was last transferred on August 2, 2012—a transfer she claims was illegal and motivated solely by her age and political affiliation. She filed suit for political discrimination on August 6, 2013—one year and four days after the date of her transfer. As such, Torres-Vazquez's § 1983 claims for political discrimination are time barred.

Finally, the municipality argues that Torres-Vazquez fails to argue claims under Title VII. We agree.

Title VII prohibits employers from discriminating against individuals because of an individual's race, color, religion, sex, or national origin. Ramos-Echevarria v. Pichis, Inc., 659 F.3d 182, 186 (1st Cir. 2011). Here, however, Torres-Vazquez alleges that the Municipality discriminated against her on account of her *age* and *political affiliation*—not her race, color, religion, sex, or national origin. As such, her Title VII claim fails.

### IV. CONCLUSION

Accordingly,

(1) The defendant's Motion to Dismiss, (Docket No. 17), is **GRANTED IN PART**. The plaintiff's ADEA claims based on the incidents prior to the August 2, 2012 transfer are **DISMISSED WITH PREJUDICE**. The plaintiff's constructive discharge claim is **DISMISSED WITH PREJUDICE**. The plaintiff's political discrimination claim, brought under 42 U.S.C. § 1983, is **DISMISSED WITH PREJUDICE**. The plaintiff's claims brought under Title VII are **DISMISSED WITH PREJUDICE**.

(2) The defendant's Motion to Dismiss, (Docket No. 17), is **DENIED IN PART**. The plaintiff's ADEA claim based on the 2012 incident may proceed.

**IT SO ORDERED.**

In San Juan, Puerto Rico, September 11th, 2014.

                                              **S/ JUAN M. PÉREZ-GIMÉNEZ**
                                              **JUAN M. PÉREZ-GIMÉNEZ**
                                              **UNITED STATES DISTRICT JUDGE**